IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **EARL DONALD BAKER,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**SMITH & WESSON CORP.,** )<br>)<br>Defendant. )<br>) | Case No. 1:18-cv-03847<br><br>Judge Edmond E. Chang |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Smith & Wesson Corp. ("Defendant" or "S&W"), through its attorneys, Proskauer Rose LLP, for its Answer and Affirmative Defenses to Plaintiff Earl Donald Baker's Complaint herein states as follows:

### AS TO NATURE OF THE ACTION

1. Paragraph 1 refers to the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A. This statute speaks for itself. Paragraph 1 contains legal conclusions, which Defendant need not admit or deny. Defendant denies each and every other allegation in Paragraph 1 of the Complaint.

### AS TO THE PARTIES

2. S&W admits the allegation in Paragraph 2 of the Complaint.

3. S&W denies the allegations in the first sentence of Paragraph 3 of the Complaint. S&W admits the allegations in the second sentence of Paragraph 3 of the Complaint.

1

## AS TO JURISDICTION AND VENUE

4. Paragraph 4 refers to 28 U.S.C. §§1331 and 1367, as well as the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A. These statutes speak for themselves. Paragraph 4 contains legal conclusions, which Defendant need not admit or deny. Defendant denies each and every other allegation in Paragraph 4 of the Complaint.

5. Paragraph 5 contains legal conclusions, which Defendant need not admit or deny. Defendant denies each and every other allegation in Paragraph 5 of the Complaint.

6. Paragraph 6 refers to 28 U.S.C. §1391(b)(1). This statute speaks for itself. Paragraph 6 contains legal conclusions, which Defendant need not admit or deny. Defendant denies each and every other allegation in Paragraph 6 of the Complaint.

## AS TO FACTS COMMON TO ALL COUNTS

7. S&W admits that Plaintiff started working for it in February 2013 as a Cell Coordinator and that Plaintiff's employment with S&W was terminated in September 2014. S&W denies the remaining allegations of Paragraph 7 of the Complaint.

8. S&W lacks information or knowledge as to what Baker allegedly "noticed" within his two first weeks of work and therefore denies the same. S&W denies that it had awarded a "large number of contracts" to Pioneer. S&W denies the remaining allegations of Paragraph 8 of the Complaint.

9. S&W lacks information or knowledge as to what Baker allegedly "noticed" during his employment with S&W and therefore denies the same. S&W denies that its contracts with

2

Pioneer "were not necessarily the best-priced" or that they "were [not] properly fulfilled." S&W denies the remaining allegations of Paragraph 9 of the Complaint.

10. S&W lacks information or knowledge as to what Baker allegedly heard from co-workers and therefore denies the same. S&W denies the information allegedly reported to Baker by co-workers. S&W denies the remaining allegations of Paragraph 10 of the Complaint.

11. S&W denies the allegations in Paragraph 11 of the Complaint.

12. S&W lacks information or knowledge as to what Baker allegedly heard from co-workers and therefore denies the same. S&W denies the information allegedly provided to Baker by co-workers. S&W denies the remaining allegations of Paragraph 12 of the Complaint.

13. S&W lacks information or knowledge as to what Baker allegedly became concerned about. S&W denies that Baker had any legitimate basis for forming those alleged concerns and that it engaged in any legal or company policy violations. S&W denies the remaining allegations of Paragraph 13 of the Complaint.

14. S&W denies the allegations in Paragraph 14 of the Complaint.

15. Baker references a June 25, 2013 performance evaluation, which speaks for itself. S&W denies the remaining allegations of Paragraph 15 of the Complaint.

16. S&W denies the allegations of Paragraph 16 of the Complaint.

17. S&W denies the allegations of Paragraph 17 of the Complaint.

18. S&W denies the allegations of Paragraph 18 of the Complaint.

19. Paragraph 19 refers to two February 4, 2014 emails, which speak for themselves. S&W denies the remaining allegations of Paragraph 19 of the Complaint.

20. S&W admits that Flatley provided a performance review to Baker on or about February 5, 2014. S&W lacks information or belief as to Baker's reaction of the evaluation and therefore denies the same. S&W denies the remaining allegations of Paragraph 20 of the Complaint.

21. S&W denies the allegations of Paragraph 20 of the Complaint.

22. The allegations refer to a February 2014 performance evaluation, which speaks for itself. S&W denies the remaining allegations of Paragraph 22 of the Complaint.

23. S&W denies the allegations of Paragraph 23 of the Complaint.

24. The allegations refer to a February 2014 performance evaluation, which speaks for itself. S&W denies the remaining allegations of Paragraph 24 of the Complaint.

25. S&W admits that Baker spoke to HR representatives shortly after he received the February 2014 evaluation. S&W denies the remaining allegations of the Complaint.

26. S&W lacks information and belief as to whether and when Plaintiff took the courses identified in the evaluation. S&W denies the remaining allegations of Paragraph 26 of the Complaint.

27. S&W admits that Baker provided to it a document he characterized as a rebuttal to the performance evaluation. S&W denies the remaining allegations of Paragraph 27 of the Complaint.

4

28. S&W denies the allegations in Paragraph 28 of the Complaint.

29. S&W denies the allegations of Paragraph 29 of the Complaint.

30. S&W denies the allegations in Paragraph 30 of the Complaint.

31. S&W denies the allegations of Paragraph 31 of the Complaint.

32. S&W denies the allegations of Paragraph 32 of the Complaint.

33. S&W denies the allegations in Paragraph 33 of the Complaint.

34. S&W denies the allegations in Paragraph 34 of the Complaint.

35. S&W denies the allegations of Paragraph 35 of the Complaint.

36. S&W denies the allegations in Paragraph 36 of the Complaint.

37. S&W denies the allegations in Paragraph 37 of the Complaint.

38. S&W admits that Suraci advised Baker that he should report to HR any concerns with Flatley's treatment of him. S&W denies the remaining allegations of Paragraph 38 of the Complaint.

39. S&W lacks knowledge and information regarding the allegations of Paragraph 39 and therefore denies the same.

40. S&W denies the allegations in Paragraph 40 of the Complaint.

41. S&W denies the allegations in Paragraph 41 of the Complaint.

42. S&W admits that Baker met with Cicero on or about March 8, 2014. S&W denies the remaining allegations in Paragraph 42 of the Complaint.

43. S&W admits that, during the meeting with Cicero, Baker reported that he believed that Pioneer had been treated with favoritism and reported that he believed that Pioneer had given improper gifts to certain S&W employees. S&W denies the remaining allegations in Paragraph 43 of the Complaint.

44. S&W denies the allegations in Paragraph 44 of the Complaint.

45. S&W is without information or belief about what Plaintiff assumed. S&W denies the remaining allegations in Paragraph 45 of the Complaint.

46. S&W admits that Fontaine and Flatley raised concerns about Plaintiff's performance on the Houlton project. S&W denies the remaining allegations in Paragraph 46 of the Complaint.

47. S&W denies the allegations in Paragraph 47 of the Complaint.

48. S&W denies the allegations in Paragraph 48 of the Complaint.

49. S&W denies the allegations in Paragraph 49 of the Complaint.

50. S&W denies the allegations in Paragraph 50 of the Complaint.

51. S&W admits that Baker provided a document to Fontaine that purported to address the Houlton project. S&W denies the remaining allegations in Paragraph 51 of the Complaint.

52. S&W denies the allegations in Paragraph 52 of the Complaint.

6

53. S&W denies the allegations in Paragraph 53 of the Complaint.

54. S&W denies the allegations in Paragraph 54 of the Complaint.

55. S&W admits that, on or about April 2, 2014, Plaintiff was asked to participate in a problem-solving root cause analysis with a group of employees regarding a cosmetic problem on pistol slides. S&W admits that Flatley asked Baker not to raise his proposed solution until the group had an opportunity to go through the steps of the problem-solving process. S&W is without information or knowledge as to whether Baker found the solution to the problem. S&W denies the allegations in Paragraph 55 of the Complaint.

56. S&W denies the allegations in Paragraph 56 of the Complaint.

57. S&W admits that Plaintiff discussed Flatley's alleged comments with Suraci. S&W denies the remaining allegations in Paragraph 57 of the Complaint.

58. S&W denies the allegations in Paragraph 58 of the Complaint.

59. S&W denies the allegations in Paragraph 59 of the Complaint.

60. S&W denies the allegations in Paragraph 60 of the Complaint.

61. S&W denies the allegations in Paragraph 61 of the Complaint.

62. S&W denies the allegations in Paragraph 62 of the Complaint.

63. S&W denies the allegations in Paragraph 63 of the Complaint.

64. Plaintiff's allegations reference a performance evaluation and an email dated July 2014, which speak for themselves. S&W denies the allegations in Paragraph 64 of the Complaint.

7

65. S&W admits that Plaintiff met with Cicero in or about June 2014 to discuss his investigation. S&W further admits that Cicero told Plaintiff that Cicero was unable to substantiate any of Plaintiff's allegations concerning Flatley and Pioneer through his investigation. S&W denies the remaining allegations in Paragraph 65 of the Complaint.

66. S&W denies the allegations in Paragraph 66 of the Complaint.

67. S&W denies the allegations in Paragraph 67 of the Complaint.

68. S&W admits that, on or about June 18, 2014, Fontaine, Flatley and Bruce met with Plaintiff to discuss his performance evaluation. S&W denies the allegations in Paragraph 68 of the Complaint.

69. S&W denies the allegations in Paragraph 69 of the Complaint.

70. S&W denies the allegations in Paragraph 70 of the Complaint.

71. S&W denies the allegations in Paragraph 71 of the Complaint.

72. S&W admits that Baker did not resign from his employment in or about July 2014. S&W denies the remaining allegations in Paragraph 72 of the Complaint.

73. S&W denies the allegations in Paragraph 73 of the Complaint.

74. Plaintiff's allegations refer to an August 20, 2014 letter, which speaks for itself. S&W denies the allegations in Paragraph 74 of the Complaint.

75. S&W denies the allegations in Paragraph 75 of the Complaint.

76. Plaintiff's allegations reference an August 28, 2014 email, which speaks for itself.

8


S&W denies the remaining allegations in Paragraph 76 of the Complaint.

77. Plaintiff's allegations reference an August 28, 2014 email, which speaks for itself. S&W denies the remaining allegations in Paragraph 77 of the Complaint.

78. S&W admits the allegations of Paragraph 78 of the Complaint.

79. S&W denies the allegations in Paragraph 79 of the Complaint.

80. S&W denies the allegations in Paragraph 80 of the Complaint.

81. S&W lacks information and knowledge regarding the allegations of Paragraph 81 and therefore denies the same.

82. S&W lacks information and knowledge regarding the allegations of Paragraph 82 and therefore denies the same.

83. S&W lacks information and knowledge regarding the allegations of Paragraph 83 and therefore denies the same.

84. S&W lacks information and knowledge regarding the allegations of Paragraph 84 and therefore denies the same.

85. S&W lacks information and knowledge regarding the allegations of Paragraph 85 and therefore denies the same.

86. S&W lacks information and knowledge regarding the allegations of Paragraph 86 and therefore denies the same.

87. S&W lacks information and knowledge regarding the allegations of Paragraph 87

and therefore denies the same.

88. S&W lacks information or knowledge regarding the allegations of Paragraph 88 of the Complaint and therefore denies the same.

### AS TO COUNT 1
### Sarbanes-Oxley Whistleblower Retaliation
### Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A, *et seq*.

89. Defendant's responses to the allegations in Paragraphs 1-88 of the Complaint are incorporated herein by reference.

90. Paragraph 90 contains legal conclusions that Defendant need not admit or deny. To the extent a response is required, Defendant denies each and every allegation in Paragraph 90 of the Complaint.

91. Defendant lacks information or knowledge as to what Baker "believed" regarding the conduct of Flatley, and therefore denies the same. S&W denies that any such belief would be reasonable. Paragraph 91 contains legal conclusions that Defendant need not admit or deny. To the extent a response is required, Defendant denies each and every allegation in Paragraph 91 of the Complaint."

92. S&W denies the allegations of Paragraph 92 of the Complaint.

93. Paragraph 93 contains legal conclusions that Defendant need not admit or deny. To the extent that a response is required, Defendant denies the allegations in Paragraph 93 of the Complaint.

94. Paragraph 94 contains legal conclusions that Defendant need not admit or deny. To

10

the extent a response is required, Defendant denies the allegations in Paragraph 94 of the Complaint.

95. Paragraph 95 contains legal conclusions that Defendant need not admit or deny. To the extent a response is required, Defendant denies the allegations in Paragraph 95 of the Complaint.

96. Paragraph 96 contains legal conclusions that Defendant need not admit or deny. To the extent a response is required, Defendant denies the allegations in Paragraph 96 of the Complaint.

97. Paragraph 97 contains legal conclusions that Defendant need not admit or deny. To the extent a response is required, Defendant denies the allegations in Paragraph 97 of the Complaint.

98. Paragraph 98 contains legal conclusions that Defendant need not admit or deny. To the extent a response is required, Defendant denies the allegations in Paragraph 98 of the Complaint.

99. Paragraph 99 contains legal conclusions that Defendant need not admit or deny. To the extent a response is required, Defendant denies the allegations in Paragraph 99 of the Complaint.

100. Paragraph 100 contains legal conclusions that Defendant need not admit or deny. To the extent a response is required, Defendant denies the allegations in Paragraph 100 of the Complaint.

101. S&W denies the allegations of Paragraph 101 of the Complaint.

102. S&W denies the allegations in Paragraph 100 of the Complaint.

103. S&W denies the allegations in Paragraph 103 of the Complaint.

104. S&W denies the allegations in Paragraph 104 of the Complaint.

105. Paragraph 105 contains legal conclusions that Defendant need not admit or deny. To the extent a response is required, Defendant denies the allegations in Paragraph 105 of the Complaint.

106. Paragraph 106 contains legal conclusions that Defendant need not admit or deny. To the extent a response is required, Defendant denies the allegations in Paragraph 106 of the Complaint.

### AS TO COUNT II
### Dodd-Frank Wall Street Reform & Consumer Protection Act
### 15 U.S.C. §78u-6(h)(1), et seq.

107. Count II has been voluntarily dismissed by Plaintiff. Consequently, S&W is not responding to the allegations set forth in Paragraphs 107 to 123 of the Complaint.

### AS TO COUNT III
### Wrongful Termination and Retaliation in Violation of Massachusetts Public Policy

124. Defendant's responses to the allegations in Paragraph 124 of the Complaint are incorporated herein by reference.

125. S&W lacks knowledge or belief as to what Plaintiff allegedly "believed." S&W denies that his alleged belief was reasonable. Paragraph 125 contains legal conclusions that Defendant need not admit or deny. To the extent a response is required, Defendant denies the

12

allegations in Paragraph 125 of the Complaint.

126. Paragraph 126 contains legal conclusions that Defendant need not admit or deny. To the extent a response is required, Defendant denies the allegations in Paragraph 126 of the Complaint.

127. S&W denies the allegations in Paragraph 127 of the Complaint.

128. S&W denies the allegation set forth in Paragraph 128 of the Complaint.

129. S&W denies the allegations in Paragraph 129 of the Complaint.

130. S&W denies the allegations in Paragraph 130 of the Complaint.

131. S&W denies the allegations in Paragraph 131 of the Complaint.

132. S&W denies the allegations in Paragraph 132 of the Complaint.

133. S&W denies the allegations in Paragraph 133 of the Complaint.

134. Paragraph 134 contains legal conclusions that Defendant need not admit or deny. To the extent a response is required, Defendant denies the allegations in Paragraph 134 of the Complaint.

135. S&W denies the allegations in Paragraph 135 of the Complaint.

136. Paragraph 136 contains legal conclusions that Defendant need not admit or deny. To the extent a response is required, Defendant denies the allegations in Paragraph 136 of the Complaint.

137.   S&W denies the allegations in Paragraph 137 of the Complaint.

138.   Paragraph 138 contains legal conclusions that Defendant need not admit or deny. To the extent a response is required, Defendant denies the allegations in Paragraph 138 of the Complaint.

139.   Paragraph 139 contains legal conclusions that Defendant need not admit or deny. To the extent a response is required, Defendant denies the allegations in Paragraph 139 of the Complaint.

140.   S&W denies the allegations in Paragraph 140 of the Complaint.

## AS TO PRAYER FOR RELIEF

The "Prayer for Relief" section immediately following Paragraph 140 of the Complaint contains Plaintiff's request for relief, which Defendant need not admit or deny. Defendant denies the appropriateness and validity of the relief requested by Plaintiff. Defendant denies that Plaintiff is entitled to any relief requested in the "Prayer for Relief" section.

## DEFENDANT'S AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, and without conceding that S&W bears the burden of proof or persuasion on any of them, S&W alleges the following specific defenses. S&W reserves the right to amend this Answer and to assert additional defenses and/or supplement, alter, or change its Answer and Affirmative Defenses upon completion of appropriate investigation and discovery.

14

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted or for which the damages sought can be awarded.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or filing periods, and/or by Plaintiff's failure to satisfy administrative, procedural and jurisdictional prerequisites for bringing suit under 18 U.S.C. §1514A.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by equitable defenses, including the doctrines of laches, waiver and/or unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

If Plaintiff is able to establish a *prima facie* showing under 18 U.S.C. §1514A (which Defendant denies), S&W would have taken the same actions with respect to Plaintiff even in the absence of any alleged protected activity.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff suffered damages, such damages were caused or contributed to by Plaintiff's own actions or actions of others over whom Defendant exercised no control.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to make reasonable and diligent efforts to mitigate his alleged damages.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff cannot recover punitive or liquidated damages because the alleged violations by Defendant was not willful or taken with reckless disregard of the rights of Plaintiff.

15

### EIGHTH AFFIRMATIVE DEFENSE

Defendants had legitimate, non-discretionary, non-retaliatory and non-pretextual reasons for the employment actions described in the complaint.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff would have been terminated regardless of whether his conduct constituted protected activity.

### TENTH AFFIRMATIVE DEFENSE

Because Plaintiff's claims as alleged provide for existing statutory remedies Plaintiff's common law claim for wrongful termination in violation of public policy is not recognized under Massachusetts law.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's wrongful termination in violation of public policy claim is based in part upon any alleged engagement in protected activity by Plaintiff, the claim is barred because Plaintiff's sole and exclusive remedy, if any, for such activity is governed by the claims asserted in Count I of the Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

No private right of action exists for the claim that Plaintiff asserts for wrongful termination in violation of public policy based on the facts as alleged by Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

At all times during her employment, Plaintiff was employed at-will. Therefore, claims concerning the termination of Plaintiff's employment cannot be sustained.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant's actions were undertaken in good faith, without malice and without intent that such relief sought (including but not limited to punitive damages) is not available.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant acted at all times in a good faith belief that its actions conformed with the law.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant acted in good faith and without malice, recklessness, willfulness, or evil intent.

WHEREFORE, Defendant demands judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, including attorneys' fees and any and all other relief which this Court deems just and proper.

Respectfully submitted,

    */s/Alex C. Weinstein*
Alex C. Weinstein
PROSKAUER ROSE LLP
70 W. Madison, Suite 3800
Chicago, Illinois  60602
Phone: (312) 962-3531
Fax: (312) 962-3551
Email: aweinstein@proskauer.com

Connie N. Bertram
PROSKAUER ROSE LLP
1001 Pennsylvania Ave., NW
Suite 600 South
Washington, D.C. 20004-2533
Phone: (202) 416-6810
Fax: (202) 416-6899
Email: cbertram@proskauer.com
*Pro Hac Vice Pending*

17

## CERTIFICATE OF SERVICE

I, Alex C. Weinstein, one of the attorneys for Defendants, certify that I caused a copy of the attached **Defendant's Answer and Affirmative Defenses** to be served by email via the Court's ECF System, upon counsel for Plaintiff:

> John Y. Lee
> Lisa C. Breen
> Lee & Breen, LLC
> 188 Industrial Drive
> Suite 403
> Elmurst, IL 60126
> *Attorneys for Plaintiff*

this 1st day of August, 2018.

                                                                                      */s/Alex C. Weinstein*

18