UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| EARL DONALD BAKER,<br><br>　　Plaintiff,<br><br>　　v.<br><br>SMITH & WESSON INC.,<br><br>　　Defendant. | Case No.  3:19-cv-30008-MGM<br><br>Honorable Mark G. Mastroianni |

**MEMORANDUM IN SUPPORT OF MOTION TO INCLUDE CERTIFICATION FOR INTERLOCUTORY APPEAL AND FOR STAY PENDING APPEAL**

Pursuant to Local Rule 7.1, Federal Rule of Appellate Procedure 5(a)(3), and 28 U.S.C. § 1292(b), Defendant Smith & Wesson Inc.[1] files its Memorandum in Support of its Motion to Include Certification for Interlocutory Appeal and for Stay Pending Appeal.

**I.     INTRODUCTION AND SUMMARY**

Smith & Wesson respectfully requests that the Court amend its September 10, 2021 order to include a certification for immediate appeal pursuant to 28 U.S.C. § 1292(b), and to stay the proceedings in the interim and pending resolution of any resulting appeal. Interlocutory appeal is appropriate because this case "involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal . . . may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). These preconditions are "most likely to be satisfied when a . . . ruling involves a new legal question or is of special consequence, and district courts should not hesitate to certify an interlocutory appeal in such cases." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 111 (2009).

---

[1] Formerly, Smith & Wesson Corp.

1

First, the legal question addresses a novel, controlling issue regarding the scope of whistleblower protection under Section 806 of the Sarbanes-Oxley Act, 18 U.S.C. § 1514A ("SOX"):  Does the protection against retaliation for providing information concerning violations of "any rule or regulation of the Securities and Exchange Commission" cover 15 U.S.C. § 78m(b)(5) and other federal statutes that do not involve securities fraud?  If Section 806 does not cover section 78m(b)(5), Plaintiff may not pursue a SOX retaliation claim.

Second, there are substantial grounds for a difference of opinion on this controlling question of law.  The Ninth Circuit and district courts within in have ruled that Section 78m(b)(5) is not a "rule or regulation" of the SEC covered by Section 806.  District court decisions in other Circuits have reached the opposite conclusion.  Guidance from the First Circuit is necessary for this and other SOX retaliation cases in this Circuit.

Third, permitting an immediate appeal to the First Circuit will materially advance the resolution of this case.  If Defendant demonstrates that Section 78m(b)(5) is not covered by Section 806 of SOX, Plaintiff will be unable to pursue his Section 806 claim.  Moreover, review here is likely to expedite the resolution of other cases that present the same, recurring question concerning the scope of SOX coverage.

## II.     ARGUMENT

Section 1292(b) affords district judges the discretion to certify their orders for interlocutory appeal:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing such order.

28 U.S.C. § 1292(b).

To certify an order for interlocutory review, a district court must find that the order involves: (1) a controlling question of law; (2) as to which there is a substantial ground for difference of opinion; and (3) upon which a decision will materially advance the ultimate outcome of the litigation. *Caraballo-Seda v. Municipality of Hormigueros*, 395 F.3d 7, 9 (1st Cir. 2005); *Philip Morris Inc. v. Harshbarger*, 957 F. Supp. 327, 330 (D. Mass. 1997).

### A. The Case Involves a Controlling Question of Law

The Court's September 10, 2021 ruling on summary judgment meets the first criterion for review because it turns on a controlling question of law. A "question of law is 'controlling' if reversal of the district court's order would terminate the action." *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 23-24 (2d Cir. 1990). Here, the determination of whether Plaintiff can sustain a Section 806 claim turns on the meaning of the phrase "rule or regulation of the Securities and Exchange Commission" in the statute. If the interpretation offered by Defendant is correct, this case will be over.

To sustain a claim under Section 806, a plaintiff must show that he engaged in "protected activity" by reporting information that he reasonably believed violated one of the following laws enumerated in Section 806:

> [A]ny lawful act done by [an] employee to provide information . . . which the employee reasonably believes constitutes a violation of section 1341, 1343, 1344, or 1348, ***any rule or regulation of the Securities and Exchange Commission***, or any provision of Federal law relating to fraud against shareholders, when the information or assistance is provided to or the investigation is conducted by . . . a person with supervisory authority over the employee.

18 U.S.C. § 1514A (emphasis added).

In his opposition to Defendant's motion for summary judgment, Plaintiff argued that he could satisfy this element because he allegedly complained about violations of 15 U.S.C. § 78m(b)(5), which he characterized as a "rule or regulation" of the SEC. ECF No. 121 at 16-17,

3

19, 25.  Section 78m(b)(5) provides that "[n]o person shall knowingly circumvent or knowingly fail to implement a system of internal accounting controls or knowingly falsify any book, record, or account described in [15 U.S.C. § 78m(b)(2)]."  15 U.S.C. § 78m(b)(5).  If this statute is not a "rule or regulation of the SEC," Plaintiff cannot – as a matter of law – show he complained about conduct he reasonably believed violated a statute or rule enumerated in Section 806.

This Court and the First Circuit granted interlocutory appeal to address another controlling issue under Section 806 in the *Lawson v. FMR LLC* cases.  The controlling legal issue in that case was whether Section 806 covered employees of non-public affiliates.  Judge Woodlock, noting that he was granting a petition for the first time in 24 years on the bench, ruled that:

> . . . the question of the applicability of the statute plainly controls this litigation.  Indeed, if my determination that the statute may be extended to non-public affiliates in the mutual fund industry is wrong, the answer to the certified question will prove dispositive of these cases.  Moreover, the question controls this type of Sarbanes-Oxley litigation generally.

724 F. Supp. 2d 167, 169 (D. Mass. 2010).

The same analysis applies here.  This Court ruled on summary judgment that "[a] reasonable jury, crediting Plaintiff's testimony, could conclude that Plaintiff 'reasonably believed' that the behavior he reported *violated securities rules concerning accounting practices and internal controls*."  ECF 127 at 2.  The determination of whether the *federal statute* about which Plaintiff allegedly complained is a "rule or regulation" of the SEC is a controlling issue of law for this case and for other SOX litigants generally.  *See also Camacho v. Puerto Rico Ports Auth.*, 267 F. Supp. 2d 174, 178 (D.P.R. 2003) (controlling question of law regarding whether defendant was employer under federal age discrimination statute warranted interlocutory review); *see also Camacho v. Puerto Rico Ports Auth.*, 369 F.3d 570 (1st Cir. 2004) (referencing certification of issue by First Circuit).

4

## B. Substantial Ground for Difference of Opinion Exists on Whether 15 U.S.C. § 78m(b)(5) is Covered by Sarbanes-Oxley

There is substantial ground for differences of opinion on whether 15 U.S.C. § 78m(b)(5) is a covered "rule or regulation" of the SEC for the purposes of Section 806. A "substantial ground for difference of opinion" exists when the case involves "one or more difficult and pivotal questions of law not settled by controlling authority." *McGillicuddy v. Clements*, 746 F.2d 76, 76 n.1 (1st Cir. 1984). The First Circuit has not definitively ruled whether SOX covers Section 78m(b)(5) and courts in other federal circuits are split on the issue.

In *Wadler v. Bio-Rad Laboratories*, the Ninth Circuit recently held that Section 78m(b)(5) and other related statutory provisions are not "rule[s] or regulation[s]" of the SEC for the purposes of Section 806. 916 F.3d 1176, 1186 (9th Cir. 2019). The plaintiff's Section 806 claim was based on reports of alleged violations of the books and records and internal accounting control provisions of 78m(b), including 78m(b)(5), the provision on which Plaintiff relies here. The defendant argued in briefing on jury instructions, its renewed motion for judgment and its motion for new trial that the plaintiff's disclosure of alleged Section 78m(b) violations was not protected activity under SOX. *Id.* at 1184-85. The district court rejected the defendant's arguments at each turn and instructed the jury that Section 78m(b) is a "rule or regulation of the SEC." The jury awarded the plaintiff in excess of $11 million in damages. *Id.*

Applying "well-settled canons of statutory construction," the Ninth Circuit held that Section 806's text was clear: Sections 78m(b)(2) and 78m(b)(5) are not "rules or regulations" of the SEC. The Court explained its reasoning as follows:

> Although the words "rule" and "regulation" could perhaps encompass a statute when read in isolation, the more natural and plain reading of these words together and in context is that they refer only to ***administrative rules or regulations***. That the phrase "rule or regulation" is used in conjunction with an administrative agency, the SEC, suggests that it encompasses only administrative rules or regulations. Most notably, Congress uses the

> phrase "any rule or regulation of the [SEC]" in the same list in which it uses "any provision of Federal law relating to fraud against shareholders," *id.*, which strongly suggests that there is a difference between the meaning of "rule or regulation" and "law." *See MacLean*, 135 S. Ct. at 919-20; *Department of Treasury, IRS*, 494 U.S. at 931-32. The most obvious explanation is that "law" encompasses statutes, like the FCPA, whereas "rule or regulation" does not.

*Id.* at 1187; *see also Erhart v. BofI Holdings*, 2020 U.S. Dist. LEXIS 57137 at *30 (S.D. Cal. 2020) (finding that Section 78m(b) is not a "rule or regulation" of the SEC under Section 806).[2]

The handful of federal decisions prior to *Wadler* reached the opposite conclusion. In *Hemphill v. Celanese Corporation*, the Fifth Circuit assumed, with no analysis, that Section 78m(b)(5) was a covered "rule or regulation" of the SEC. 430 Fed. App'x 341, 344–45 (5th Cir. 2011). The defendant in that case, however, did not challenge – either before the district court or on appeal – whether Section 78m(b)(5) was covered by SOX. In *Collins v. Beazer Homes USA, Inc.*, 334 F. Supp. 2d 1365, 1377 (N.D. Ga. 2004), one of the first federal district court decisions interpreting Section 806, the court recognized that the issue of whether Section 78m(b)(5) was covered was a "close case," noting the "lack of guidance in the caselaw" on the issue. *Id.*

Guidance from the First Circuit is necessary to ensure that the retaliation provisions of SOX are not extended beyond the express limitations of the statute. Section 806 protects employees who "provide information" concerning three categories of statutes and rules: (1) specified federal fraud statutes (e.g., mail fraud); (2) "rules or regulations" of the SEC; and (3) federal laws regarding fraud against shareholders. *Day v. Staples*, 555 F.3d 42, 54-55 (1st Cir.

---

[2] Like the defendants in the *Wadler* case, Defendant demonstrated that, under basic principles of statutory construction, Section 78m(b)(5) was not a "rule or regulation of the SEC." 916 F.3d at 1186. In its memorandum and reply in support of its motion for summary judgment, Defendant showed that because Section 78m(b)(5) was not a "rule or regulation" of the SEC, Plaintiff could not maintain a claim under Section 806. *See* ECF No. 125 at 2-5; *see also* ECF No. 115 at 11–12. If the Court is not inclined to grant Defendant's Petition, it respectfully requests that the Court reconsider its ruling and grant summary judgment in Defendant's favor on this basis.

6

2009). As the First Circuit has ruled, the federal statutes in categories (1) and (3) "involve fraud." *Id.* Because Plaintiff judicially admitted that his claim was founded on the second category,[3] the only issue that would be presented on interlocutory appeal is whether Section 78m(b)(5) is a "rule or regulation" of the SEC.

Section 78m(b)(5) is neither a "rule" nor a "regulation" and was not issued by "the Securities and Exchange Commission." As the Ninth Circuit recognized in *Wadler*, the internal accounting controls provision in section 78m(b)(5) was enacted by Congress as part of the Foreign Corrupt Practices Act of 1977. It was incorporated into the United States Code as Section 13(b) of the Securities Exchange Act of 1934. The SEC has not promulgated any regulations under this statutory provision. As the Ninth Circuit recognized in *Wadler*, Section "806's text is clear: an FCPA provision is not a 'rule or regulation of the [SEC].'" Any other ruling would do violence to the express language of the statute.

### C. A Decision by the First Circuit May Materially Advance the Termination of the Litigation

Certification for interlocutory appeal is also warranted because a decision by the First Circuit on the scope of the coverage of SOX "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). As the Court recognized in in *Phillip Morris*, the material advancement prong is closely tied to the first prong on controlling law. *See* 957 F. Supp. at 330. A finding that Section 78m(b)(5) is not covered by Section 806 would terminate the litigation

---

[3] Plaintiff judicially admitted in his opposition to Defendant's motion for summary judgment that he did not provide information to Defendant about alleged securities fraud. ECF No. 121 at 6 n.1 ("Baker has not premised his SOX claim on alleged shareholder fraud"), 10 ("unlike the plaintiff in *Day*, Baker does not premise his claim on any reports of shareholder fraud"). He argued that his claim was still viable, despite this admission, because the second category enumerated in Section 806 – rules and regulations of the SEC – was not limited to rules and regulations involving fraud. *Id.* at 19 ("allegations involving violations of SEC rules or regulations does [sic] not have to allege . . . fraud"); *see also id.* 10-11; ECF No. 125 at 3-6.

because Plaintiff would be unable to establish that he engaged in protected activity, one of the essential elements of a SOX claim. As the Eleventh Circuit held in *McFarlin v. Conseco Services*, materially advancing the ultimate termination of litigation "means that resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation." 381 F.3d 1251, 1259 (11th Cir. 2004).

This Court has recognized that, when the viability of the plaintiff's case depends on whether he is covered under SOX, an interlocutory appeal would materially advance the termination of the legislation. In *Lawson v. FMR LLC*, the defendant filed a motion to dismiss the plaintiff's Section 806 claim, arguing that the plaintiffs could not sustain a claim because they were not "employees" of a publicly traded entity. *Lawson v. FMR LLC*, 724 F. Supp. 2d 167, 168 (D. Mass. 2010). As noted above, when Judge Woodlock granted the petition, finding that an "appellate decision – whether an affirmance or reversal – will materially advance the termination of these cases." Judge Woodlock explained that:

> if certification results in reversal, these cases are concluded and the question is resolved, at least for the inferior federal courts of this Circuit. If certification results in affirmance, while additional proceedings will be necessary in this court, the issues will be highly fact intensive but with certain boundaries framed by the appellate holding. Certainty as to the fundamental legal issue is likely to shape both discovery initiatives and settlement strategies in a fashion which should expedite resolution of these cases overall.

*Id.* at 168.

Interlocutory review should also be granted here because the resolution of this controlling issue would end this litigation, avoiding additional discovery, extensive pre-trial motions, and what is anticipated by Plaintiff to be a three-week trial on his remaining Section 806 claim.

    **D. Smith & Wesson Requests that the Court Stay the Proceedings Pending the Resolution of its Motion**

Federal district courts possess "the inherent power to stay pending litigation." *Marquis v. Federal Deposit Ins. Corp.*, 965 F.2d 1148, 1154 (1st. Cir. 1992). District courts may issue a stay for a reasonable duration if there is good cause for the extension. *See id.* at 1155. Federal courts have granted stays of proceedings pending interlocutory appellate review of decisions when the determination of the controlling question of law could dispose of the entire suit. *See Lawson*, 724 F. Supp. 2d at 169.

The pre-trial conference in this case is scheduled for March 22, 2022. If the Court grants the petition and the First Circuit accepts it, both the parties and the Court will benefit from the First Circuit's ruling, regardless of the outcome. If the First Circuit rules in favor of Defendant, the case is concluded, and the Court and parties will avoid the burden of further discovery, pre-trial motions and trial. If the First Circuit rules in favor of Plaintiff, then a key, dispositive issue will be resolved, avoiding the need to brief and argue this legal issue in pre-trial motions, including jury instructions, a motion for directed verdict and a potential motion for judgment at the conclusion of the trial.

Consequently, the court should stay the proceedings in this case pending the resolution of this petition and any resulting interlocutory appeal.

|  |  |
|---|---|
|  | **THE DEFENDANT,**<br>**SMITH & WESSON INC.**<br>**By Its Attorneys,** |
| Dated:  October 7, 2021 | |
|  | */s/ Jeffrey E. Poindexter*<br>Jeffrey E. Poindexter, BBO 631922<br>Bulkley, Richardson and Gelinas, LLP<br>1500 Main Street, Suite 2700<br>P.O. Box 15507<br>Springfield, MA 01115-5507<br>Telephone:   (413) 272-6224<br>Facsimile:    (857) 800-8249<br>dfinnegan@bulkley.com |

and

    /s/ Connie N. Bertram
Connie N. Bertram*
*Bertram LLP*
1717 K Street N.W., Suite 900
Washington, D.C. 20006
Telephone:     (703) 627-1649
cbertram@bertramllp.com
* Admitted *Pro Hac Vice*

## CERTIFICATE OF SERVICE

    I hereby certify that on October 7, 2021, a copy of the foregoing was served via the ECF system upon all attorneys of record in this matter.

    /s/ Jeffrey E. Poindexter
Jeffrey E. Poindexter

3535289